BAMMERLIN ET AL., APPELLEES, *v.* POLICE AND FIREMEN'S
DISABILITY AND PENSION FUND, APPELLANT, ET AL.

[Cite as *Bammerlin v. Police & Firemen's Disability
& Pension Fund* (1995), 71 Ohio St.3d 567.]

(No. 93–2143—Submitted January 10, 1995—Decided March 1, 1995.)

568

*Michael R. Gareau* and *James M. Dubelko,* for appellees.

*Betty D. Montgomery,* Attorney General, and *Doug S. Musick,* Assistant Attorney General, for appellant.

*Thompson, Hine & Flory* and *William C. Moul,* urging reversal for *amicus curiae,* Ohio Association of Professional Firefighters.

WRIGHT, J. The portion of R.C. 742.515 that is at issue in this case states, "All of the fireman's credit as a *full-time fireman* shall be transferred [from the PERS] to the [PFDPF]." (Emphasis added.) R.C. 742.515(B). That section also states, "In computing years of active service under division (C) of section 742.37 of the Revised Code [ (for purposes of disbursing benefits and pensions) ], a member transferred pursuant to this section shall be given full credit by the [PFDPF] *for his service as a full-time fireman* * * * from the [PERS]." (Emphasis added.) R.C. 742.515(D). On the face of R.C. 742.515, only those credits earned while working as a "full-time fireman" may be transferred from the PERS to the PFDPF. Therefore, the only issue in this case is the meaning of the term "full-time" under that section. As explained below, we resolve this issue by determining whether the PERS or the PFDPF has the authority to define the term "full-time" for the purpose of computing the amount of service credit a fireman who is transferring from the PERS receives in the PFDPF. We hold that the PFDPF, and not the PERS, possesses this authority.

There is a discrepancy between the service credits each of the firemen had accumulated in the PERS and the service credits each received in the PFDPF, because the PERS and the PFDPF have different methods of computing these credits. In the PERS, the computation of a service credit is solely a function of salary earned within a month. See R.C. 145.01(T)(1). A member of the PERS receives a full month of service credit if his salary is $250 per month or more, regardless of the number of hours that individual works during the month. *Id.* Thus, any concept by the PERS of the term "full-time" for purposes of calculating service credits necessarily depends on salary earned, not hours worked.

In stark contrast to the PERS, the computation of a service credit in the PFDPF is solely a function of the number of hours a member works each week. A member of the PFDPF receives full service credit only for periods of time during which the member works "full-time." See Ohio Adm.Code 742–5–01(B). The PFDPF defines the term "full-time" as "periods of employment during which the employee regularly worked substantially the same number of hours as would a regular full-time police officer of [*sic*] fire fighter." Former Ohio Adm.Code 742–5–07(B) (now [D] ), 1986–1987 Ohio Monthly Record 536. The PFDPF's regulations also indicate that the PFDPF measures "full-time" on a "forty-hour per week basis." Former Ohio Adm.Code 742–5–07(C) (now [E] ).[2] Although former Ohio Adm.Code 742–5–07 concerned the purchase (as opposed to transfer) of PFDPF service credit for periods of full-time employment as a member of the PERS, the definition of "full-time" is not limited to those circumstances. The former and current regulations clearly set forth the PFDPF's definition of the term "full-time" for the general purpose of calculating service credits in the PFDPF.

As stated above, we hold that the PFDPF, and not the PERS, has the ultimate authority to define the meaning of the term "full-time" under R.C. 742.515 for the purpose of calculating how much service credit to award a fireman who is transferring to the fund from the PERS. Comparing the methods used by the PERS and the PFDPF in computing service credit, it is clear that only the PFDPF uses the term "full-time" as a standard for determining the amount of service credits to which its members are entitled. Absent clear language to the contrary, we do not believe the General Assembly intended the anomalous result of allowing the PERS to define an unfamiliar term for the purpose of calculating

---

2. Applying the differing standards employed by the two funds in computing service credit, a member of the PERS who works only fifteen hours per week and is paid the federal minimum wage of $4.25 per hour would still receive a full month of service credit. However, a member of the PFDPF who previously worked full-time but currently works only fifteen hours per week would not receive full service credit for his part-time service, no matter how much that individual is paid per hour.

the amount of service credits an individual receives in an entirely separate fund, which defines that same term differently. Thus, using the definition of the PFDPF, we believe the term "full-time" under R.C. 742.515 refers to the number of hours a fireman works or has worked, not the amount of salary he earns or has earned.

Both the language of R.C. 742.515 and the entire statutory scheme of R.C. Chapter 742, which governs the PFDPF, support our holding today. Unlike R.C. 742.515(B), R.C. 742.515(D) expressly gives the PFDPF the responsibility (and, therefore, the authority) to determine the correct amount of service credits to award a fireman transferring from the PERS to the PFDPF. R.C. 742.515 is congruent only if division (B) is interpreted consistently with division (D).

R.C. 742.10 also gives the PFDPF the power to determine the proper amount of service credits to award members of its fund and to define the term "full-time" by giving the Board of Trustees of the PFDPF the authority to "adopt rules for the proper administration and management of the [PFDPF]." Moreover, the PFDPF's capability to define the term "full-time" cannot be questioned, because the General Assembly has expressly authorized the PFDPF to define that term. See former R.C. 742.379 and current R.C. 742.379(A)(1). The PFDPF promulgated the above-referenced regulations, concerning the calculation of service credits and the definition of "full-time," pursuant to its authority under R.C. 742.10 and 742.379.

Because we believe the term "full-time" in R.C. 742.515 means the same thing as it means in other parts of R.C. Chapter 742, as defined by the PFDPF, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.